UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:17-CR-092 |
| ) | |
| QUINTON JAMES GROVE ) | |

## **O R D E R**

In June 2018, this Court sentenced the defendant to a 60-month term of imprisonment. He is presently scheduled to be released from federal custody on April 19, 2023. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 18, 2020).

*Pro se*, the defendant has filed an "Emergency Request for Reduction in Sentence / Modification Pursuant to 18 U.S.C. 3582." [Doc. 367]. Therein, the defendant asks the Court to transfer him to supervised release due to the COVID-19 pandemic. In the body of his motion, the defendant references: The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020); a recent memorandum issued by Attorney General William Barr; and 18 U.S.C. § 3582(c)(1)(A)(i).

As for the Barr memorandum, *see* Attorney General Memorandum for Director of Bureau of Prisons, https://www.justice.gov/file/1266661/download (last visited May 5, 2020), that document provides instructions for the Bureau of Prisons. It does not bestow any authority upon the courts.

Next, it is true that Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement. However, as with the Barr Memorandum, the CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. The Court therefore does not have power to grant relief under Section 12003 of the CARES Act.

Lastly, 18 U.S.C. § 3582(c)(1)(A)(i) indeed allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Nothing in the record indicates that the present defendant has exhausted his administrative remedies as required by § 3582(c)(1)(A). The Court therefore lacks authority to consider the present motion under that statute.

For all these reasons, the defendant's "Emergency Request for Reduction in Sentence / Modification Pursuant to 18 U.S.C. 3582" [doc. 367] is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge